Bux v. Selley.

No. 23,963.

B. J. Bux, *Appellee,* v. Samuel W. Selley et al., *Appellants.*

SYLLABUS BY THE COURT.

Mortgage Foreclosure—*Time for Redemption—Issue Raised Required Proof.* The pleadings in an action to foreclose a real-estate mortgage considered, and *held,* an issue was presented relating to abridgement of the redemption period, which should not have been decided without proof.

Appeal from Wichita district court; Roscoe H. Wilson, judge. Opinion filed November 4, 1922. Modified.

*J. L. Finley,* of St. Francis, *David G. Hines,* and *Leon L. Hines,* both of Benkelman, Neb., for the appellants; *T. F. Garver,* of Topeka, of counsel.

*W. C. Dickey,* of Leoti, for the appellee.

The opinion of the court was delivered by

Burch, J.: The action was one to foreclose a real-estate mortgage. A decree of foreclosure was entered, and the court fixed the redemption period at six months from date of sale. The defendants appeal from the portion of the decree limiting the redemption privilege.

The petition tendered an issue on the subject of time within which redemption might be made. It was alleged the mortgage was a purchase-money mortgage, and the defendants were not in good faith occupying the mortgaged premises, but had abandoned them. The defendants answered this portion of the petition by a general denial. On motion for judgment on the pleadings, the court, without taking evidence, made findings that the mortgage was a purchase-money mortgage, and that the mortgaged premises were not occupied in good faith, but had been abandoned by the defendants. Pursuant to these findings, the decree barred the defendants from all interest in the land except privilege to redeem within six months from date of sale.

The answer of the defendants presented some affirmative defenses which were untenable, and doubtless the court, in overruling them, overlooked the general denial, which controverted the allegations bearing on the subject of redemption. The issue thus raised should have been tried.

The judgment is modified by striking out the limitation respecting redemption, and the court is directed to determine and fix a proper redemption period.